UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00111-GNS

ANA NICOLAS-MATEO                                              PETITIONER

v.

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
SAMUEL OLSON, Field Office Director,
Chicago Field Office,
Immigration and Customs Enforcement; and
JASON WOOSLEY, Grayson County Jailer                  RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

Approximately ten years ago, Petitioner Ana Nicolas-Mateo ("Nicolas-Mateo"), who is a native and citizen of Guatemala, entered the United States as an unaccompanied alien child without inspection, and she was released to her brother in Indiana. (Pet. ¶¶ 2-3, DN 1; Pet. Ex. A, at 2, DN 1-1). Since arriving, she has lived in Indiana. (Pet. ¶ 6).

According to Nicolas-Mateo, she was allegedly running an errand when she was detained by Immigration and Customs Enforcement ("ICE") officers without a warrant on February 18, 2026. (Pet. ¶ 8). The Form I-213 form filed by Respondents, however, reflects that Nicolas-Mateo was arrested in Indiana for operating an automobile without a license on June 16, 2025. (Resp'ts' Resp. Show Cause Order Ex. 2, at 2, DN 9-2). After pleading guilty and being sentenced to a term of time served on February 18, 2026, Nicolas-Mateo was turned over pursuant to an ICE detainer two days later. (Resp'ts' Resp. Show Cause Order Ex. 2, at 2). She is currently detained at the Grayson County Detention Center. (Pet. ¶ 11).

1

Nicolas-Mateo filed the Petition for Writ of Habeas Corpus against Respondents: Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Samuel Olson, in his official capacity as Field Office Director of the Chicago Field Office of ICE; and Jason Woosley ("Woosley"), in his official capacity as Jailer of the Grayson County Detention Center.[1] (Pet. ¶¶ 20-22). In the Petition, she challenges her continued detention and alleges violations of her due process rights under the Fifth Amendment, and the Immigration and Nationality Act. (Pet. ¶¶ 63-77).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Nicolas-Mateo bears the burden of proving by a preponderance of the evidence that her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Nicolas-Mateo is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Nicolas-Mateo already present within the United States. *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026);

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020). Therefore, as the jailer, Woosley is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

2

*Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v.*

*Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025). Therefore, Section 1226(a) applies to Nicolas-Mateo.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when she is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL

4

2690565, at *5-7. The unlawful detention of Nicolas-Mateo implicates her liberty interest to which due process applies and precludes her from challenging her detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Nicolas-Mateo must be released, and if she is arrested and re-detained, she is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Ana Nicolas-Mateo from custody **IMMEDIATELY**, and, in the event that she is arrested and re-detained, provide her with a bond hearing before a neutral

5

immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

    2.    Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 11, 2026

cc:    counsel of record